IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


GEORGE MILAM HALL,

                    Appellant,

vs.                                              District Case No. 09-4123-SAC
                                                 Bky. Case No. 06-40872-12
DAVID KLAASSEN,

                    Appellee.


MEMORANDUM AND ORDER


      This bankruptcy appeal comes before the Court on its February 3, 2010 order for

the appellant to show cause why this appeal should not be dismissed, and various other

motions filed by the debtor, George Milam Hall. Having reviewed the debtor's lengthy

response to the Court's show cause order (Dk. 4), the Court is ready to rule.

**Procedural motions**

      The debtor has filed a motion to proceed on appeal in forma pauperis (Dk. 6),

properly supported by the debtor's financial affidavit (Dk. 7), and his sealed motion for

leave to file medical records under seal (Dk. 8). These motions are granted, the former

for the same reasons as stated in Dk. 34 of Case No. 09-4091-JAR. The Court denies,

however, the motion to appoint counsel on appeal (Dk. 5), adopting the reasons stated

in Dk. 34 of Case No. 09-4091-JAR, because they are fully applicable here.

**Procedural Background**

      On April 27, 2009, the Bankruptcy Court entered a judgment awarding attorney's

fees to the debtor's previous attorney, David Klaassen. (Dk. 303, Bankr. Case no. 06-

40871). The debtor appealed that judgment to Judge Robinson of this court, who

recently dismissed it as untimely. (*Hall v. Claassen*, No. 09-4091 (D.Kan. Mar. 17, 2010)

Dk. 35, 36).

Debtor additionally filed a motion to reconsider the fee award (Dk. 309), which is

still pending in the Bankruptcy Court. The appeal currently before this Court is from an

order of the Bankruptcy Court filed July 31, 2009 (Dk. 348), which memorialized several

procedural rulings (in forma pauperis, appointment of counsel, stay, deadlines,

discovery, etc.) made at a July 27, 2009 hearing, but also addressed the debtor's "9024

Motion" (Rule 60) to reconsider the attorney's fee award (Dk. 309), by stating the Court

would rule on that motion after the transcript is received. Dk. 345; *See* Dk. 348. The

Bankruptcy Court stated its rationale as follows:

> The Court determines that to rule on the Rule 9024 motion, given Debtor's
> contentions, it will need the transcripts from the hearings on September 22, 2008
> and February 26, 2009 and will order the same. Transcription costs will not be
> assessed to the parties. A hearing date for the Rule 9024 motion will be set after
> the transcripts are completed.

Dk. 348, p. 3. The Bankruptcy Court ordered the transcripts of September 22, 2008

(motion to withdraw as attorney) (Dk. 346), and of February 26, 2009. (application for

compensation) (Dk. 347). The debtor timely filed his notice of appeal from Dk. 348 on

August 10, 2009. (Dk. 358).[1]

On September 17, 2009, the Bankruptcy Court set the debtor's Rule 9024 motion

for rehearing for November 24, 2009. (Dk. 392), then noticed an evidentiary hearing for

---

[1]In addition to appealing from that order, the Debtor also filed a motion for
rehearing on August 10, 2009, related to that order (Dk. 348). The BAP noted that his
appeal was premature, (Dk. 361), then the Debtor's previous attorney, David Klaassen,
elected to appeal to this Court, causing BAP to transfer the matter. (Dk. 382).

that date on issues including Dk. 309, the debtor's motion for reconsideration of the court's order regarding his attorney's fees "(considered as motion pursuant to Rule 60)." (Dk. 451). That date was later continued to December 1-2, 2009 (Dk. 466, 470, 471). The evidentiary hearing occurred, but the record reflects no further reference to or ruling regarding Dk. 309, the debtor's motion for reconsideration of the court's order regarding his attorney's fees, raising the jurisdictional issue of finality.

**Jurisdiction**

"Whenever cause exists to question jurisdiction, an appellate court must decide for itself if jurisdiction is proper. *In re Simons*, 908 F.2d 643, 644 (10th Cir.1990)." *In re American Freight System, Inc.*, 153 B.R. 316 (D.Kan.1993). Under 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges, and has jurisdiction to hear appeals from interlocutory orders and decrees with leave of court. *Id.* "[A]n order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability Inc.)*, 893 F.2d 264, 265 (10th Cir.1990). In the bankruptcy context, a final order includes an order that resolves a particular adversary proceeding or discrete controversy within the broader framework of the bankruptcy proceeding. *See id.* at 266.

A ruling on an application for an award of fees for professional services is a discrete claim that can constitute a final order if it determines all of the compensation owed to an attorney, and is not an interim fee award. *In re Iannochino,* 242 F.3d 36, 43-44 (1st Cir. 2001); *see* 11 U.S.C. § 330(a)(1) and 331. The determination whether a fee award is or is not final, by its nature, "depends upon the circumstances of the case."

3

*In re Dahlquist*, 751 F.2d 295, 297 (8th Cir.1985). Factors commonly examined in determining the finality of a bankruptcy order include:

> 1) whether the bankruptcy judge left open the possibility of challenges to the order or planned further hearings, *In re Charter Co.*, 778 F.2d 617, 622 (11th Cir.1985) (holding order allowing consolidation of cash management interlocutory because the court stated that the order would be open to challenge and suggestion); *In re Chateaugay Corp.*, 64 B.R. at 996 (holding bankruptcy court order interlocutory because it would need to reconsider issue again in six months and judge clearly indicated intent to resolve factual and legal issues at later hearing); and [2] whether further proceedings would affect the scope of the order, *In re 405 N. Bedford Dr. Corp.*, 778 F.2d at 1377. ...

*In re Chateaugay Corp.*, 80 B.R. 279, 283 (S.D.N.Y.1987). "[W]ith respect to a non-injunctive bankruptcy order, a judge's statement of intent to reconsider an issue in the relatively near future might be significant in determining whether the order is final or interlocutory." *In re Duke & Benedict, Inc.*, 278 B.R. 334, 341 (S.D.N.Y. 2002).

Here, the Bankruptcy Court determined that the debtor's motion (309) to reconsider the attorney's fee award was timely to the extent it was filed as a Rule 60 motion, and repeatedly expressed his intent to decide that motion after reviewing the transcripts from the relevant hearings. The Bankruptcy Court has not yet decided that motion to reconsider. Accordingly, this court finds this appeal regarding the reconsideration of the attorney's fee issue (Dk. 348) is from a non-final order. By a recently-filed amended response to this court's show cause order, the debtor agrees with this finding. *See* Dk. 11. To the extent the debtor may intend to appeal from the procedural rulings reflected in Dk. 348, the Court similarly finds those rulings not final, appealable orders.

No party has sought leave of court to file an interlocutory appeal on this issue. Even if this Court were to construe this appeal as an application for leave to appeal an

interlocutory order, it would conclude that a permissive appeal is not warranted. *See*

*Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 769 (10th Cir. BAP 1997)

("Leave to hear appeals from interlocutory orders should be granted with discrimination

and reserved for cases of exceptional circumstances.")

> The district court may entertain an appeal of an interlocutory order which involves (1) a controlling question of law as to which there is substantial ground for difference of opinion; and (2) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

*In re American Freight System, Inc.*, 153 B.R.316, 321 (D. Kan.1993). These conditions

are not met as to the reconsideration of the attorney's fee issue appealed from, or as to

any other rulings in Dk. 348. Those issues are best left for final resolution by the

Bankruptcy Court. Accordingly, the appeal is dismissed for lack of jurisdiction. All other

pending motions not specifically addressed above are denied as moot.

IT IS THEREFORE ORDERED that the debtor's motion to proceed on appeal in

forma pauperis (Dk. 6) is granted, and that his sealed motion for leave to file medical

records under seal (Dk. 8) is granted.

IT IS FURTHER ORDERED that the debtor's motion to appoint counsel on

appeal (Dk. 5) is denied, and that the following motions are denied as moot: motion for

estoppel, stay, tolling, remand, and oral argument (Dk. 9); motion (Dk. 10).

IT IS FURTHER ORDERED that this appeal is dismissed for lack of jurisdiction.

Dated this 30th day of March, 2010, at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge